NENO v. CROSBY et al.

(Division B. Oct. 28, 1935.)

[163 So. 678. No. 31859.]

**W. M. Hutto**, of Waynesboro, for appellant.

30

Frank Clark, of Waynesboro, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

On or about October 9, 1930, A. L. Crosby executed a deed of trust to the First National Bank of Waynesboro, Mississippi, to secure an indebtedness to the bank of eight hundred dollars. To this deed of trust A. L. Crosby affixed the name of himself and wife, and embraced therein property belonging to his wife, but the name of his wife did not appear in the acknowledgment thereof. On March 20, 1932, A. L. Crosby executed a renewal of the deed of trust signed by him alone, but reciting that, "This being a renewal and continuance of a deed of trust recorded in Book A-5, page 472 of the records of Wayne county, Mississippi."

Thereafter, the bank was placed in liquidation, and Neno was made receiver. The debt being unpaid, he filed this bill in the chancery court to foreclose the deed of trust to satisfy said debt, making A. L. Crosby, Mrs. Crosby, and the trustee in the deed of trust parties thereto, and alleging that said property had been conveyed to Mrs. Blanche Perry, the daughter of Mr. and Mrs. Crosby, to prevent the bank from realizing against the security named in the deed of trust, and also making said daughter a party to the suit, and stating that she took the lands with full knowledge of the deed of trust from her father and mother.

On the hearing, A. L. Crosby testified that he had indorsed a note for his son, and another for another party and that these notes were due to the bank, and that its officials approached him and desired that he give a deed of trust to secure said debt, mentioning, the land involved as desirable security; that the records show that the lands belong to his wife, this fact being known to the bank; and that he gave the note and deed of trust, with a financial statement, to aid the bank, but that he

did not have authority from his wife to sign her name to the deed of trust, and that she had no knowledge thereof until this suit was brought. Mrs. Crosby testified that she absolutely knew nothing of the note and deed of trust, and had no knowledge of her name being signed to the deed of trust by her husband until she was summoned in this suit; that she never gave him any authority to sign her name to the deed of trust; that all the lands embraced in the deed of trust belonged to her except ten acres thereof; and that she never signed or acknowledged the deed of trust, nor authorized any one else to sign her name thereto. The acknowledgment to the deed of trust appears to have been made before Graves, the president of the bank, and it does not appear therefrom that Mrs. Crosby acknowledged it. However, Graves testified that Mrs. Crosby came in later and acknowledged it, but he never reduced the acknowledgment to writing. He also testified that Mrs. Crosby signed the deed of trust, and the cashier of the bank testified that her signature to the deed of trust was genuine, and that he was familiar therewith.

The chancellor found that Mrs. Crosby never signed the deed of trust, and that her husband had no authority to sign it for her, and ordered a foreclosure against A. L. Crosby as against the ten acres of land belonging to him, and a release of the land belonging to Mrs. Crosby from the order of foreclosure, and rendered a personal judgment against A. L. Crosby for the amount of the indebtedness due to the bank. From this decree, the bank appeals.

The question presented is merely the finding of the chancellor upon conflicting evidence. The parties were all before him, he heard the whole matter, and decided on the conflicting evidence as authorized by law. His finding being upon such conflicting evidence, and there being no reversible error in the record, the judgment of the court below will be affirmed.

Affirmed.